**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LEIGH-ANN STYLES, ) | |
| ) | 2:06-CV-1291-RCJ-PAL |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| STATE FARM MUTUAL ) | |
| AUTOMOBILE INSURANCE ) | |
| COMPANY; DOES I-X; and ROE ) | |
| CORPORATIONS I-XX, inclusive, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the Court on Defendant State Farm Mutual Automobile Company's ("State Farm") Motion for Partial Summary Judgment. (#26.) The Court has considered the Motion, the pleadings on file, and oral argument on behalf of the parties. For the reasons discussed below, the Court grants State Farm's Motion.

**BACKGROUND**

Plaintiff Leigh-Ann Styles ("Plaintiff") filed suit against State Farm, Does I-X, and Roe Corporations I-XX, alleging six causes of action: (1) bad faith–improperly utilizing language outside–as well as contained in an insurance contract to defeat coverage; (2) bad faith–reliance on language, outside–as well as contained in an insurance contract that is knowingly against public policy; (3) engaging in unfair claims practices in violation of NRS 686A.310(1)(b)(c); (4) engaging in unfair claims practices in violation of NRS

1   686A.310(1)(n); (5) breach of contract; and (6) unjust enrichment.  Defendant State Farm

2   now moves for partial summary judgment as to Plaintiff's claim for unjust enrichment.

3         On September 12, 2004, Plaintiff was involved in an automobile accident with Rosie

4   Hill, an under insured motorist.  Plaintiff was insured through a policy with State

5   Farm—Policy # C09-1847-C09-28G.  Rosie Hill's insurance carrier, The Hartford, ultimately

6   paid its $100,000 policy limit.  State Farm paid Plaintiff her medical payment and under

7   insured motorist policy limits of $5,000 and $25,000 respectively.

8         On February 10, 2006, Plaintiff submitted a demand against her mother's separate

9   State Farm policy—Policy # 2661-878-E30-28-J—seeking additional medical payment

10  coverage limits under her mother's policy.  State Farm informed Plaintiff that it had already

11  tendered the maximum policy limits under Plaintiff's policy, and that the State Farm policy

12  did not allow for "stacking" household policies.  Plaintiff then filed her suit against State

13  Farm.

**DISCUSSION**

15  Defendant State Farm moves the Court for partial summary judgment as to Plaintiff's

16  unjust enrichment claim.  Specifically, State Farm argues that Plaintiff's claim is governed by

17  an explicit, written contract, and therefore not tenable under an unjust enrichment theory.

18  **I.   Motion for Summary Judgment Standard**

19  Summary judgment is proper when "the pleadings, depositions, answers to

20  interrogatories, and admissions on file, together with the affidavits, if any, show that there is

21  no genuine issue as to any material fact and that the moving party is entitled to a judgment as

22  a matter of law."  Fed. R. Civ. P. 56(c).  The purpose behind summary judgment is to avoid

23  unnecessary trials when there is no dispute as to the material facts before the Court.  *Nw.*

24  *Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).  Where

1  reasonable minds could differ on the material facts at issue, summary judgment is not

2  appropriate. *Warren v. Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).

3        The moving party bears the burden of informing the court the basis for its motion,

4  together with evidence demonstrating the absence of any genuine issue of material fact.

5  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its

6  burden, the party opposing the motion may not rest upon mere allegations or denials in his

7  pleadings but must set forth specific facts showing that there is a genuine issue for trial.

8  *Anderson v. Liberty Lobby. Inc.,* 477 U.S. 242, 248 (1986).

9  **II.    Plaintiff's Unjust Enrichment Claim**

10        To prevail on her unjust enrichment claim, Plaintiff must establish "a benefit

11  conferred on the defendant by the plaintiff, appreciation by the defendant of such benefit, and

12  acceptance and retention by the defendant of such benefit under circumstances such that it

13  would be inequitable for him to retain the benefit without payment of the value thereof."

14  *Leasepartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 942 P.2d 182, 187

15  (Nev. 1997) (internal quotations and citations omitted). The Nevada Supreme Court has

16  further defined unjust enrichment as "the unjust retention of a benefit to the loss of another,

17  or the retention of money or property of another against the fundamental principles of justice

18  or equity and good conscience." *Asphalt Prods. Corp. v. All Star Ready Mix, Inc.*, 898 P.2d

19  699, 701 (Nev. 1995) (citations omitted).

20        Under Nevada law, an unjust enrichment claim is "not available when there is an

21  express, written contract, because no agreement can be implied when there is an express

22  agreement." *See, e.g., Crockett & Myers, Ltd. v. Napier, Fitzgerald & Kirby, LLP*, 440 F.

23  Supp. 2d 1184, 1197 (D. Nev. 2006) (quoting *Leasepartners Corp.*, 942 P.2d at 187). "'The

24  doctrine of unjust enrichment or recovery in quasi contract applies to situations where there is

25        Page 3 of 6

1  no legal contract but where the person sought to be charged is in possession of money or

2  property which in good conscious and justice he should not retain but should deliver to

3  another [or should pay for].'" *Leaspartners Corp.*, 942 P.2d at 187.

4      State Farm argues that Plaintiff's unjust enrichment claim is governed by her State

5  Farm policy, and thus by an express written contract.  Accordingly, State Farm asks the Court

6  to find as a matter of law that the unjust enrichment claim fails.  Plaintiff counters that while

7  her claim is based on an express, written contract, it is not a contract between Plaintiff and

8  State Farm.  Plaintiff attempts to recover by means of her mother's policy—in essence she

9  seeks to "stack" recovery.  Therefore, Plaintiff argues that because there is no contract

10 "between Plaintiff and Defendant . . . as to Plaintiff's mother's policy," Nevada law does not

11 bar her unjust enrichment claim.

12     Although Plaintiff correctly points out that no contract exists between Plaintiff and

13 her mother, her Complaint clearly bases her unjust enrichment claim on an express, written

14 contract, under which her rights of recovery are specifically defined.  Plaintiff repeatedly

15 alleges that State Farm has been unjustly enriched "under the policy in question."  Plaintiff

16 argues that she may recover under her mother's policy because she is a relative as defined

17 under that policy, and relatives may recover in an accident.  However, the mother's policy

18 also has explicit anti-stacking provisions that are the crux of this case.  According to State

19 Farm, Plaintiff may not recover on her mother's policy because the anti-stacking provisions

20 forbid such a possibility.  Whether or not Plaintiff may recover at all in this case depends

21 entirely on an interpretation of the contracts at issue (Plaintiff's and her mother's policies).

22 Plaintiff's relationship with State Farm and her mother is defined in her mother's policy, and

23 when and in what amounts she may recover are also defined in her mother's policy.  Thus,

24 while an express written contract between Plaintiff and State Farm with regards to mother's

policy does not exist, mother's written, express contract explicitly defines Plaintiff's ability to recover under the "policy in question."

Nevada courts have not addressed this factual scenario when deciding whether an unjust enrichment claim in such a case could survive. However, the Ninth Circuit has addressed this situation, although under Arizona law, and held that an unjust enrichment fails as a matter of law. Interpreting Arizona law, the Ninth Circuit held that when there is an express contract governing the relationship of the parties in the action and defining recoverability, a claim for unjust enrichment fails. *See Sutter Home Winery, Inc. v. Vintage Selections, Ltd.*, 971 F.2d 401, 408-09 (9th Cir. 1992). In this case, while Plaintiff correctly indicates that no written contract exists between Plaintiff and her mother, her mother's contract specifically defines Plaintiff's relationship under the mother's contract, and it also specifically states how and when Plaintiff may recover. Thus, Plaintiff's right to recover is governed by a specific, written contract. Under Nevada law, a plaintiff may not recover under a theory of unjust enrichment when "there is an express, written contract, because no agreement can be implied when there is an express agreement." *Leasepartners Corp.*, 942 P.2d at 187. In this case, no agreement governing how and when Plaintiff may recover on her mother's policy can be implied because an express agreement already exists indicating when Plaintiff may recover—her rights are defined under both her policy and her mother's policy. A Nevada court interpreting the contracts at issue here would likely hold the same. Accordingly, the Court grants State Farm's Motion for Partial Summary Judgment as to Plaintiff's Unjust Enrichment Cause of Action.

**CONCLUSION**

IT IS HEREBY ORDERED that Defendant's Motion for Partial Summary Judgment. (#26) is GRANTED.

DATED: May 9, 2007.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE