**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| LEIGH-ANN STYLES, | ) | |
| | ) | 2:06-CV-1291-RCJ-LRL |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the Court on Plaintiff's Motion for Partial Summary Judgment (#32) and Defendant State Farm Mutual Automobile Company's ("State Farm") Countermotion for Partial Summary Judgment. (#42). The Court has considered the Motions, the pleadings on file, and oral argument on behalf of the parties and hereby issues the following Order.

**BACKGROUND**

Plaintiff Leigh-Ann Styles ("Plaintiff") filed suit against State Farm Mutual Automobile Insurance Company ("State Farm"), Does I-X, and Roe Corporations I-XX, alleging six causes of action: (1) bad faith–improperly utilizing language outside–as well as contained, in an insurance contract to defeat coverage; (2) bad faith–reliance on language, outside–as well as contained, in an insurance contract that is knowingly against public policy; (3) engaging in unfair claims practices in violation of NRS 686A.310(1)(b)(c); (4) engaging in unfair claims practices in violation of NRS 686A.310(1)(n); (5) breach of contract; and (6) unjust enrichment. The

Court previously granted Defendant's Motion for Partial Summary Judgment on Plaintiff's claim for unjust enrichment. Plaintiff now asks this Court to grant summary judgment in her favor and find that State Farm failed to comply with Nev. Rev. Stat. § 687B.147, and thus that the anti-stacking provisions in Plaintiff's policy fail. In its Opposition, Defendant State Farm files its countermotion for summary judgment.

On September 12, 2004, Plaintiff was involved in an automobile accident with Rosie Hill, an under insured motorist. Plaintiff was insured through a policy with State Farm—Policy # C09-1847-C09-28G. Rosie Hill's insurance carrier, The Hartford, ultimately paid its $100,000 policy limit. State Farm paid Plaintiff her medical payment and under insured motorist policy limits of $5,000 and $25,000 respectively.

On February 10, 2006, Plaintiff submitted a demand against her mother's separate State Farm policy—Policy # 2661-878-E30-28-J—seeking additional medical payment coverage limits under her mother's policy. State Farm informed Plaintiff that it had already tendered the maximum policy limits under Plaintiff's policy, and that the State Farm policy did not allow for "stacking" household policies. Plaintiff now asks this Court to grant summary judgment in her favor and find that State Farm failed to comply with Nev. Rev. Stat. § 687B.147, and that the anti-stacking provisions in Plaintiff's policy thus fail as a matter of law.

**DISCUSSION**

**I.     Motion for Summary Judgment Standard**

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The purpose behind summary judgment is to avoid unnecessary trials when there is no dispute as to the material facts before the Court. *Nw.*

*Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *Warren v. Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).

The moving party bears the burden of informing the court the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in his pleadings but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby. Inc.*, 477 U.S. 242, 248 (1986).

**II.     Plaintiff's Motion for Summary Judgment**

According to Plaintiff, Nevada law requires that anti-stacking provisions comply with Nev. Rev. Stat. § 687B.147. Plaintiff further argues that the anti-stacking provision in her policy fails to comply with § 687B.147. Thus, Plaintiff asserts the anti-stacking provision is invalid and asks this Court to so declare by granting her Motion for Partial Summary Judgment. State Farm, on the other hand, argues that anti-stacking provisions are subject only to Nev. Rev. Stat. § 687B.145.

Plaintiff provides no case law to support her contention. While Plaintiff cites numerous cases in her Motion, not one of the cited cases deals with anti-stacking provisions and § 687B.147. No case, either federal or state, has ever analyzed the validity of an anti-stacking provision under § 687B.147 or held that anti-stacking provisions must comply with that section. Indeed, every case considering the validity of an anti-stacking provision under Nevada law has only analyzed the provision at issue under § 687B.145. *See, e.g., Nationwide Mut. Ins. Co. v. Coatney*, 42 P.3d 265, 267 (Nev. 2002); *Serrett v. Kimber*, 874 P.2d 747, 750-52 (Nev. 1994); *Pirkle v. Nat'l Am. Ins. Co. of Cal.*, No. 04-17013, 2006 U.S. App. LEXIS 27062, at *2-*3 (9th

1  Cir. Oct. 30, 2006). Moreover, Plaintiff's statutory construction and interpretation would require
2  this Court to create a conflict between the two statutes at issue because it would require the
3  additional uninsured/under insured coverage under § 687B.147, but specifically exclude it under
4  § 687B.145. Thus, the Court denies Plaintiff's Motion for Partial Summary Judgment because
5  Plaintiff has not demonstrated the anti-stacking provision at issue in this case is subject to §
6  687B.147.

**III.     Defendant State Farm's Countermotion for Summary Judgment**

In its Opposition to Plaintiff's Motion for Partial Summary Judgment, Defendant State Farm includes its Countermotion for Summary Judgment. Specifically, State Farm argues that its anti-stacking provision is valid under Nevada law and prohibits Plaintiff from further recovery in this case.

**A.     Nev. Rev. Stat. § 687B.145**

As discussed above, Nevada law requires anti-stacking provisions to comply with NRS § 687B.145. Further, "[a] valid anti-stacking provision must satisfy three prerequisites under NRS 687B.145(1)." *Coatney*, 42 P.3d at 267 (citing *Neumann v. Standard Fire Ins.*, 699 P.2d 101, 103 (1985)). "'First, the limiting provision must be expressed in clear language. Second, the provision must be prominently displayed in the policy, binder or endorsement. Finally, the insured must not have purchased separate coverage on the same risk nor paid a premium calculated for full reimbursement under that coverage.'" *Id.* (quoting *Neumann*, 699 P.2d at 103). Accordingly, a limiting provision is void if it fails to comply with any of these three requirements. *Id.*

**1.     The Clarity Requirement**

An anti-stacking provision must not only be clearly written, it must not be "difficult to understand." *Neumann*, 699 P.2d at 104. Indeed, if the clarity prong of NRS 687B.145(1) is to

serve any purpose, it must be "truly comprehensible to the average insured." *Torres v. Farmers Ins. Exchange*, 793 P.2d 839, 843 (1990). Plaintiff argues the language is not clear because it contains misspellings and incomplete sentences. Further, Plaintiff argues that no one at State Farm ever explained the provision to her. However, the language does not contain misspellings as Plaintiff contends. Moreover, the relevant case law does not require an insurance agent to explain the provision. The anti-stacking language at issue is clear.[1]

Nothing in the anti-stacking provision is ambiguous. The provision clearly states that the limitation applies regardless of the number of policies involved. The language also states that Plaintiff may not add to or stack the coverage in her policy onto other State Farm policies. Plaintiff concedes she understood that she was an "Insured" under another State Farm Policy,

---

[1] The relevant provision reads as follows:

6. THE MOST WE WILL PAY IF AN **INSURED** SUSTAINS ***BODILY INJURY*** IN AN ACCIDENT WHILE **OCCUPYING:**

    a.    ***YOUR CAR***, IS THE LIMIT OF LIABILITY SHOWN ON THE DECLARATIONS PAGE OF THIS POLICY.

    b.    A ***CAR*** OTHER THAN ***YOUR CAR*** OR WHILE A ***PEDESTRIAN***, IS THE HIGHEST LIMIT OF LIABILITY WHICH ***YOU*** HAVE ON ANY ONE ***CAR*** OR MOTOR VEHICLE OWNED BY YOU.

THIS LIMIT OF LIABILITY APPLIES REGARDLESS OF THE NUMBER OF POLICIES **INSURED**, INSURED ***CARS*** OR MOTOR VEHICLES, CLAIMS MADE AS A RESULT OF THE ACCIDENT, OR ***CARS*** OR MOTOR VEHICLES INVOLVED IN THE ACCIDENT. UNINSURED MOTOR VEHICLE COVERAGE ON OTHER ***CARS*** OR MOTOR VEHICLES INSURED BY US CANNOT BE ADDED TO OR STACKED ON THE UNINSURED MOTOR VEHICLE COVERAGE PROVIDED BY THIS POLICY.

(#41 at 32.)

namely her mother's policy (the definition of Insured includes Relative). The anti-stacking language clearly states that Plaintiff may not add any other State Farm policy coverage to hers. Her mother's policy contains the identical language. The Court therefore concludes that there is nothing ambiguous in this provision.

### 2. The Prominence Requirement

An anti-stacking provision must be more prominently displayed than other provisions of an insurance policy or amendment; otherwise, the prominence requirement of NRS 687B.145(1) would be ineffectual. The Nevada Supreme Court has held that a provision is sufficiently prominent if it is "different from its surrounding terms." *Neumann*, 699 P.2d at 105; *see also Bove v. Prudential Ins. Co.*, 799 P.2d 1108, 1111 (1990) (stating that "the clause must direct the reader's attention toward the critical language, and 'have greater prominence than other provisions'"). The prominence requirement is necessary to "make more apparent to a policy holder those provisions which may have an adverse effect on a claim under the policy, and to give him notice of his true coverage." *Neumann*, 699 P.2d at 104 (citation omitted).

The anti-stacking provision in the instant policy was printed in all caps, underlined, and with some phrases in bold and italics. These features are drastically different from the majority of the insurance provision. Plaintiff argues that other provisions nearby also have the same style; thus, she contends the anti-stacking provision at issue is not prominently displayed. However, the other portions of which she complains are similar anti-stacking provisions regarding liability and medical payments. The Nevada Supreme Court has decided this same issue and found that the prominence requirement was met. *Serrett v. Kimber*, 874 P.2d 747 (Nev. 1994). In *Serrett*, the Court stated the following: "The existence of two other anti-stacking provisions, which are virtually identical to the UM provision in substance and style, does not diminish the prominence of any one of them. To the contrary, we conclude that the three prominently displayed provisions

call attention to themselves to no lesser degree than if only one of the provisions existed in the policy. The anti-stacking provision at issue here clearly satisfies the prominence requirements of NRS 687B.145(1)." *Id.* at 750-51. Thus, the Nevada Supreme Court has expressly considered and rejected Plaintiff's argument. Accordingly, the Court finds that the anti-stacking provision at issue is prominently displayed.

### 3.     The Single Premium Requirement

The final requirement under NRS 687B.145(1) is that an anti-stacking clause cannot be used or is unenforceable if the insured has purchased separate coverage for the same risk or paid a premium calculated for full reimbursement under that coverage; i.e., in other words paid a full, non-discounted premium for two or more separate policies. *Bove v. Prudential Life Ins. Co.*, 799 P.2d 1108, 1111 (Nev. 1990). The burden to establish this element lies solely with State Farm. *Id.* The Nevada Supreme Court requires "the introduction of actual evidence that is possessed by the insurer" to satisfy this requirement. *Serrett*, 874 P.2d at 752.

State Farm introduced the affidavit of Kathy Popejoy, employed in the Property and Casualty Actuarial Department of State Farm, along with corroborating documentation evidencing that the insured received a twenty percent (20%) discount on the policy for having multi-coverage or double coverage. Popejoy's affidavit states that

> [t]he rate charged by State Farm coverage U in multiple-vehicle households in Nevada is calculated using a multiple coverage factor. The multiple coverage factor applies when coverage U is written by State Farm on more than one vehicle in the insured's household, and reduces the coverage U rate by 20% for each vehicle.

(#36 at 5). Plaintiff's auto renewal policy indicates that State Farm applied the multiple coverage factor and reduced Plaintiff's uninsured motorist premium by twenty percent (20%). Specifically, the Plaintiff's auto renewal policy indicates she received an $18.40 discount on uninsured motorist coverage, thereby reducing her uninsured motorist premium from $81.80 to

$73.40. *Id.* at 8. Additionally, Plaintiff's mother received a $15.40 discount on uninsured motorist coverage, thereby reducing her uninsured motorist premium from $77.20 to $61.80. *Id.* at 9. The Court finds that State Farm has introduced sufficient evidence showing reduced premiums. Thus, the Court grants State Farm's motion for Summary Judgment.

## CONCLUSION

Pursuant to the above analysis, IT IS HEREBY ORDERED that Plaintiff's Motion for Partial Summary Judgment (#32) is *denied*. IT IS FURTHER ORDERED that Defendant State Farm's Countermotion for Summary Judgment (#42) is *granted*.

DATED:        September 12, 2007.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE